**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| GENLIN LI, | ) | |
| Petitioner, | ) | |
| -vs- | ) | NO. CIV-26-2353-HE |
| SCARLET GRANT, WARDEN,[1] et al., | ) | |
| Respondents. | ) | |

**ORDER**

On September 2, 2026, petitioner, a native and citizen of the People's Republic of China, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by U.S. Immigration and Customs Enforcement. [Doc. #1]. He asserts his mandatory detention is in violation of the Fifth Amendment Due Process Clause and the Immigration and Nationality Act. He requests release, asserting a post hoc bond hearing would not remedy the constitutional or statutory violation.

As ordered, the federal respondents have responded to the habeas petition. They assert that petitioner received a bond hearing on September 15, 2026, and the immigration judge denied petitioner's release on bond because he was determined to be a flight risk. Without waiving appellate review or conceding the issue, they submit this matter is controlled by the Tenth Circuit's opinion in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th

---

[1] *In accordance with Fed. R. Civ. P. 25(d), Chris Gantt, current warden of Cimarron Correctional Facility, is substituted as respondent for Scarlet Grant.*

Cir. 2026). Given that petitioner received a bond hearing in accordance with Santillan Quoriz, the federal respondents contend the habeas petition should be denied. No reply has been filed within the time specified by the court.

The court agrees that Santillan Quiroz controls this matter. Petitioner's detention is governed by 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225(b)(2)(A). Although petitioner requests his release, rather than a post hoc bond hearing, the Tenth Circuit has indicated that the remedy is a bond hearing. *See* Santillan Quiroz, 180 F.4th at 1251 n. 13 ("Because [petitioner] can properly be subject to detention under § 1226(a), [], the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him."). As petitioner has received a bond hearing, the court concludes the habeas petition should be denied.

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **DENIED**.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 7th day of October, 2026.

JOE HEATON
UNITED STATES DISTRICT JUDGE